OPINION
Larry Cunningham was indicted for burglary, a second degree felony, having weapons under disability, and receiving stolen property. Pursuant to plea negotiations, Cunningham pleaded guilty to burglary, a third degree felony, and the remaining charges were dismissed. The trial court sentenced Cunningham to four years imprisonment. On appeal, Cunningham advances a single assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT'S SUBSTANTIAL RIGHTS TO A FAIR TRIAL, AND DUE PROCESS BY OVERRULING DEFENDANT-APPELLANT'S REQUEST TO WITHDRAW HIS PLEA BEFORE SENTENCING.
As late as the day before the day scheduled for trial, the State offered the above described negotiated plea with a recommended sentence of two years. At a pre-trial conference on that date, Cunningham rejected the offer. The trial court informed Cunningham that no negotiated plea would be accepted after prospective jurors were told to report for jury duty on the following day. A taped telephone message to that effect was activated at 4:30 p.m. As late as 3:00 p.m., Cunningham continued to resist the bargain offered by the State, but at 4:15 p.m., the trial court was informed, apparently by a deputy at the jail, that Cunningham would accept the plea bargain offered by the State. The trial court was unable to locate Cunningham's counsel at that time, and the telephone message summoning the jurors activated at 4:30 p.m. The following day, February 2, 1999, with prospective jurors at the courthouse, Cunningham pleaded guilty to burglary, a third degree felony in return for the amendment of the burglary count from a second to a third degree felony, the dismissal of the remaining two charges, and the State's recommendation of a sentence less than the maximum of five years. In a thorough Crim.R. 11 colloquy, Cunningham acknowledged his understanding of the terms of the plea, and stated no other promises had been made to him to induce his plea other than the amendment of the burglary count, dismissal of the other two charges, and the State's recommendation of less than the maximum sentence. Cunningham and his counsel also signed a "plea of guilty" form containing language to that same effect. Two weeks later, on February 16, 1999, Cunningham was before the court for sentencing, and the State recommended a four year sentence. At that time, Cunningham stated that he thought he would be sentenced to two years because he had informed the court of his willingness to accept the State's offer before 4:30 p.m. the day before trial. Cunningham's counsel stated inaccurately that Cunningham had pleaded guilty the day before trial, and the jurors had not been called in, thus entitling him to a two year sentence. The trial court continued sentencing for ten days to afford itself a chance to review the plea proceedings two weeks earlier. Satisfied that a recommendation of two years was not part of the plea bargain placed of record that day, the trial court sentenced Cunningham on February 26, 1999, to four years imprisonment.
Cunningham contends that the trial court impermissibly participated in the plea negotiation process. We reject this contention. The trial court acted well within its discretion in imposing a deadline within which plea negotiations were to be completed. One of the justifications for plea bargaining is the savings in public funds that result from successful negotiations and the timely reallocation of scarce judicial and prosecutorial resources to other cases. That public benefit is dissipated where, as here, the negotiated plea occurs after the jurors and witnesses have been called to the courthouse and the trial court and prosecutor have prepared for the case that only then ends with a negotiated plea. The fact that the trial court permitted the amendment of the burglary count and the dismissal of the remaining charges on the day of trial does not detract from the legitimacy of its imposing deadlines within which plea negotiations must be finalized.
Although Cunningham states as an issue for review whether the court erred in not granting Cunningham's motion to withdraw his guilty plea, the record fails to demonstrate a motion to withdraw, verbal or written, by Cunningham or his counsel. The closest the record comes to a motion to withdraw is the following at the February 16 sentencing proceeding:
 DEFENDANT: . . . My attorney advised me if I request a withdrawal, that he'll pull back from my case.
 THE COURT: Your attorney's appointed. He would remain appointed to your case, sir.
Rather than moving to withdraw his plea, which was quite advantageous to him, Cunningham sought to have the trial court impose a two year sentence.
Somewhat troubling in this case is whether the deadline for concluding plea negotiations was effectively communicated to Cunningham. The trial court clearly meant its deadline to mean Cunningham must have entered his plea by 4:30 p.m. the day before trial. Cunningham stated that he understood the deadline to mean that he had to communicate his willingness to accept the State's offer by 4:30 p.m. the day before trial. Some support for Cunningham's position is found in his counsel's remarks the first time Cunningham appeared for sentencing on February 16. Supra.
Although troubling, we are satisfied that Cunningham's claimed confusion is not dispositive. When Cunningham entered his plea of guilty, he stated that he understood the State's promise was to recommend less than the maximum sentence, and that no other promise as to sentencing had been made. Cunningham signed a document that said the same thing. The trial court was entitled to credit these representations over those made at the two subsequent sentencing proceedings. Indeed, at the second sentencing proceeding on February 26, Cunningham's counsel's recollection was now consistent with the February 2 proceedings at which Cunningham pleaded guilty:
 (THE COURT): Mr. Stewart, on the day of the pleading, did you tell the Defendant that he was still going to get a recommendation for two years in the Ohio State Penitentiary?
 MR. STEWART: No, Your Honor, I did not. I did tell the Defendant that the Prosecutor was not going to recommend a maximum sentencing and the Prosecutor still had agreed, reluctantly, to amend the charge to the felony in the third degree.
Cunningham does not contend that the four year sentence imposed was unreasonable. Rather, he contends that he had a legitimate expectation to a two year sentence. The trial court acted within its discretion in determining that the proceedings at which he pleaded guilty negated that expectation. The trial court would have also acted within its discretion in overruling a motion to withdraw plea.
The assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and KERNS, J., concur.
(HON. JOSEPH D. KERNS sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Gregory M. Morris, Gregory K. Lind, HON. RICHARD O'NEILL